[Civ. No. 48203. Second Dist., Div. One. Sept. 3, 1976.]

DIVISION OF INDUSTRIAL SAFETY, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
SOUTHERN PACIFIC TRANSPORTATION COMPANY,
Real Party in Interest and Appellant;
AFL-CIO et al., Interveners and Respondents.

COUNSEL

William E. Still for Real Party in Interest and Appellant.

Evelle J. Younger, Attorney General, Thomas Scheerer and Richard M. Radosh, Deputy Attorneys General, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

Alper, Schoene, Horkan & Mann and Lawrence M. Mann for Interveners and Respondents.

OPINION

**THOMPSON, J.**—The appeal at bench raises the issue of the application of the California Occupational Safety and Health Act of 1973 to "operating" as opposed to "shop" personnel of "steam railroads" and the jurisdiction of the Division of Industrial Safety over the working conditions of those employees. It raises also the question of definition of the term "steam railroad" as used in Labor Code section 6800. ██ We conclude that the comprehensive statutory scheme of the Occupational Safety and Health Act of 1973 having been enacted without repeal or amendment to Labor Code sections 6800 through 6802, the latter specific statutes dealing with the employees of "steam railroads" control over the general provisions of the 1973 act. ██ We conclude also that "steam railroad," as used in Labor Code section 6800, is descriptive of long-line railroads as distinguished from interurban and street railway systems. ██ Accordingly, we reverse a judgment of the superior court issuing a writ of mandate to the municipal court which directs the latter tribunal to vacate its action quashing an inspection warrant covering operating facilities of real party in interest.

██ Prior to 1973, the California law providing for the health and safety of industrial employees was primarily embodied in Labor Code sections 6300 through 7803. Sections 6300 through 6604 were general sections providing for employee safety and vesting jurisdiction of enforcement of safety conditions in employment and places of employment in the Division of Industrial Safety (Division). Section 6302 defined "place of employment" over which the Division had jurisdiction as: "any

place, and the premises appurtenant thereto, where employment is carried on, except a place the safety jurisdiction over which is vested by law in any State or Federal agency other than the division [of industrial safety]." Section 6303 defined "employment" to include "the carrying on of any trade, enterprise, project, industry, business, occupation or work, including all excavation, demolition and construction work, or any process or operation related thereto, in which any person is engaged or permitted to work for hire except household domestic service." The jurisdiction of the Division of Industrial Safety was defined in section 6312: "The division has the power, jurisdiction, and supervision over every employment and place of employment in this State, which is necessary adequately to enforce and administer all laws and lawful orders requiring such employment and place of employment to be safe, and requiring the protection of the life and safety of every employee in such employment or place of employment."

Labor Code sections 6800 through 6802 and 6950 through 7000 dealt with "Safeguards on railroads." Section 6800 provided: "The division [of industrial safety] has jurisdiction over: [¶] (a) *Steam railroad shop employees.* The safety of employees of steam railroads employed in shops devoted to the construction or repair of railroad equipment. [¶] (b) *Electric interurban or street railroad employees.* The safety of employees of electric interurban or street railroads, employed in the generation, transmission or distribution of electric energy, or in shops devoted to the repair of railroad equipment, or in any nonpublic utility operation of such railroads. [¶] (c) *Public utility employees.* The safety of employees of all other public utilities as defined in the Public Utilities Act." Sections 6950 through 6956 required specific safety precautions on railroads and defined violations of the requirements as a misdemeanor. Section 7000 was a permissive section dealing with the position of a "caboose" in a train of cars.

Labor Code sections 7100 through 7204 dealt with "safety on buildings," and section 7205 provided that violation of any of these statutory safety requirements was a misdemeanor. Labor Code sections 7300 through 7320 dealt with "elevators" in general, provided a system of permits and inspection with violations defined as misdemeanors, and empowered the Division of Industrial Safety to seek injunctive relief. Section 7326 dealt with safety devices upon buildings to safeguard window cleaners, sections 7340 through 7357 with "aerial passenger tramways," sections 7500 and 7501 with "underground telephones,"

sections 7600 through 7611 with "ships and vessels," sections 7620 through 7771 with "tanks and boilers," sections 7800 through 7804 with "volatile flammable liquids," sections 7900 through 7913 with "amusement rides," and sections 7950 through 7985 with "tunnels and mines."

The California Occupational Safety and Health Act was adopted by the Legislature in 1973. A preamble in the form of new Labor Code section 6300 states: "The California Occupational Safety and Health Act of 1973 is hereby enacted for the purpose of assuring safe and healthful working conditions for all California working men and women by authorizing the enforcement of effective standards, assisting and encouraging employers to maintain safe and healthful working conditions, and by providing for research, information, education, training, and enforcement in the field of occupational safety and health."

Labor Code section 6303, part of the 1973 act, in subdivision (a) defines "place of employment" in terms identical with former section 6302. The definition of "employment" in former section 6303 is carried over into new section 6303, subdivision (b), while the definition of "employee" in former section 6305 is reenacted in new Labor Code section 6304.1. New section 6307 defines the jurisdiction of the Division of Industrial Safety in terms identical with those of former section 6312 except that it provides for the protection of employee health as well as life and safety.

The 1973 act does not repeal or modify Labor Code sections 6800 through 6956 dealing with railroads. It does not repeal or substantially amend sections 7100 through 7983 dealing with other specific industries and occupations.

On March 18, 1975, the Division of Industrial Safety obtained a warrant from the Los Angeles Municipal Court authorizing the Division to conduct a noise survey of the Taylor Yard of the Southern Pacific Transportation Company. The Taylor Yard is an operating facility used as part of a railroad network of Southern Pacific and concededly is a place at which "shop employees" of Southern Pacific are not employed. Southern Pacific is a long-line transcontinental railroad company. While at one time its trains were steam propelled, in 1975 diesel power had long since replaced steam as a means of locomotion. On April 4, 1975, Southern Pacific's motion in the municipal court to quash the warrant for lack of jurisdiction of the Division of Industrial Safety over the non-shop employees of the railroad was granted.

The Division filed its petition for writ of mandate in the superior court seeking review of the municipal court order quashing the inspection warrant. The superior court entered its judgment and issued a peremptory writ of mandate directing the municipal court to vacate its order quashing the warrant. This appeal by Southern Pacific followed.

Prior to the enactment of the California Occupational Safety and Health Act of 1973, the Division of Industrial Safety had no jurisdiction over the working conditions of nonshop employees of "steam railroads." While the general grant of jurisdiction to the Division in old Labor Code sections 6312, 6302, and 6303 was broadly framed, the specific sections of the statutory scheme applicable to railroads provided only a limited jurisdiction and that only over the shop employees of "steam railroads." ■ The specific provisions of Labor Code section 6800 granting the limited jurisdiction must be held to control over the general provisions of the pre-1973 Labor Code sections dealing with the Division's jurisdiction in general. That construction was given to the statutory scheme by administrative action of the Division of Industrial Safety itself. Prior to the 1973 act, the Division, in submitting the California Occupational Safety and Health plan to the United States Secretary of Labor pursuant to the federal Occupational Safety and Health Act of 1970, stated: "California statutes specify those categories of workers that are subject to the enforcement regulations of the Division of Industrial Safety. By such statutes, the Division's authority extends to virtually every place of employment in California . . . . Certain categories are excluded, however . . . . In practice, the principal exceptions are Federal government agencies, maritime workers, household domestic service workers, and *railroad workers except those employed in railroad shops.*" (Italics added.)

The reenactment of the pre-1973 jurisdictional and definitional provisions of the Labor Code in the California Occupational Safety and Health Act of 1973 in light of the administrative interpretation of the prior sections by the Division is persuasive of a legislative intent adopting the administrative construction. (See 5 Witkin, Summary of Cal. Law (8th ed.) Constitutional Law, § 70, and cases there cited.)

The exclusion from the 1973 act's ambit of nonshop employees of railroads is further indicated by section 107 of the act itself. That section reads in part: "The purpose of this act is to allow the State of California to assume responsibility for development and enforcement of occupa-

tional safety and health standards under a state plan pursuant to Section 18 of the Federal Occupational Safety and Health Act of 1970 . . . ." (Stats. 1973, ch. 993, § 107, p. 1954.) The California plan published in the Federal Register prior to the adoption of California's 1973 act states in pertinent part: "It is contemplated that enabling legislation will be passed during 1973 and that within 1 year thereafter the plan will be administratively implemented and necessary changes in standards will be effected making it fully operational in most respects. . . . [¶] The State program is expected to extend its protection to all employees in the State . . . *except* those employed by Federal agencies, maritime workers falling under the Federal maritime jurisdiction, household domestic service workers, and *railroad workers not employed in railroad shops*." (Occupational Saf. & Health Rptr., BNA, 2 Reference File, § 81:4601; italics added.) The existence of the exclusion in the planned California "enabling legislation" at the time the Legislature transformed the contemplation into fact by adopting the 1973 legislation indicates a legislative intent to retain the pre-1973 exclusion and the accomplishment of the intent by the action of leaving Labor Code section 6800 on the books.

We thus conclude that "steam railroad" employees other than shop employees are not covered by the California Occupational Safety and Health Act of 1973. There remains the issue of whether Southern Pacific is a "steam railroad," as that term is used in subdivision (a) of Labor Code section 6800.

When section 6800 was enacted in 1937, the locomotives of Southern Pacific were propelled by steam as were the locomotives of most, if not all, long-line railroads operating in California. Steam propulsion has now been technologically superseded by the diesel engine. The term "steam railroad" in subdivision (a) of Labor Code section 6800 is, however, used generically in contradistinction to street and interurban railroads covered by subdivision (b) and not in reference to the mode of propulsion. (See *Lynch* v. *Pennsylvania R. Co.* (1916) 88 N.J.L. 408, 96 A. 395; *Whiteman* v. *Federal Life Ins. Co.* (W.D.Mo. 1939) 1 F.R.D. 95.) So used, the term must be construed to mean transcontinental and similar long-line railroads. Given that meaning of the term, Southern Pacific is a steam railroad.

In sum, the jurisdiction of the Division of Industrial Safety over "steam railroads" is that granted in Labor Code section 6800, subdivision

(a), that jurisdiction extends only to shop employees of "steam railroads," and Southern Pacific is a "steam railroad," as that term is used in section 6800. Because section 6800 does not confer jurisdiction to the Division over other than shop employees of Southern Pacific, the municipal court properly quashed the inspection warrant which would have permitted the Division to inspect the Taylor Yard for purposes in excess of its jurisdiction. The superior court judgment to the contrary is therefore erroneous.

The judgment is reversed.

Wood, P. J., and Hanson, J., concurred.

The petition of the plaintiff and respondent for a hearing by the Supreme Court was denied October 28, 1976.